**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                   Civ. No. 16-772 JB/GJF
                                                                                    Crim. No. 12-3025 JB

JULIO FRANCIA,

    Defendant.

**ORDER TO SHOW CAUSE**

This matter is before the Court, *sua sponte* under rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, on Defendant Julio Francia's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255.  [CV Doc. 1; CR Doc. 45] Defendant seeks to invalidate his conviction and sentence under 18 U.S.C. § 924(c) pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), to be void for vagueness.  For the following reasons, the Court will order Defendant to show cause why his § 2255 motion should not be dismissed as untimely.

Pursuant to a plea agreement, Defendant pleaded guilty to five counts of interference with interstate commerce by robbery in violation of 18 U.S.C. § 1951(a) and one count of using, carrying, and possessing a firearm during and in relation to and in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c).  [CR Docs. 29, 30, 43]  Defendant was sentenced to 87 months of imprisonment in the custody of the Bureau of Prisons (BOP) on four counts of

interference with interstate robbery, to run concurrently with each other, and 87 months of imprisonment on the fifth count of interference with interstate robbery—48 months of which was imposed concurrently and 39 months of which was imposed consecutively.  [CR Doc. 43]  Defendant also was sentenced to a consecutive term of 7 years (84 months) of imprisonment in the custody of the BOP on his conviction of using, carrying, and possessing a firearm during and in relation to and in furtherance of a crime of violence.  [Doc. 43]  The Court rendered judgment on Defendant's conviction and sentence on November 25, 2013.  [Doc. 43]  Defendant did not file a notice of appeal in the United States Court of Appeals for the Tenth Circuit and, therefore, his conviction and sentence became final fourteen days later.  *See United States v. Prows*, 448 F.3d 1223, 1227-28 (10th Cir. 2006) ("If the defendant does not file an appeal, the criminal conviction becomes final upon the expiration of the time in which to take a direct criminal appeal."); Fed. R. App. Proc. 4(b)(1)(A) (providing that "a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of . . . the judgment").

On July 1, 2016, Defendant, proceeding *pro se*, filed the present Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 [CV Doc. 1; CR Doc. 45].  The Court appointed counsel to represent Defendant, in accordance with the Administrative Order In the Matter of: Representation in *Johnson v. U.S.*, 576 U.S. __, 135 S. Ct. 2551 (2015) Cases, 16-MC-00004-19 (Doc. 19) (D.N.M. March 25, 2016).  [CV Doc. 4; CR Doc. 47].

As a preliminary matter, the Court will consider the timeliness of Defendant's § 2255 motion.  *See United States v. DeClerck*, 252 F. App'x 220, 224 (10th Cir. 2007) (noting that federal district courts "are 'permitted, but not obliged' to review, *sua sponte*, a *federal* prisoner's § 2255 motion to determine whether it has been timely filed") (unpublished) (quoting *Day v.*

*McDonough*, 547 U.S. 198, 209 (2006)).   Title 28, United States Code, Section 2255(f) imposes a one-year statute of limitation on § 2255 motions, which begins to run, in relevant part, from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]"   28 U.S.C. § 2255(f)(3).   In *Johnson*, the United States Supreme Court recognized a new right, which has been made retroactively applicable to cases on collateral review.   *See Welch v. United States*, 136 S. Ct. 1257, 1265 (2016) (holding that "*Johnson* is thus a substantive decision and so has retroactive effect under *Teague* in cases on collateral review").   Therefore, the timeliness of Defendant's § 2255 motion is governed by § 2255(f)(3).

In *Dodd v. United States*, 545 U.S. 353 (2005), the United States Supreme Court considered whether the one-year statute of limitation in § 2255(f)(3) begins to run on "the date on which this Court 'initially recognized' the right asserted in an applicant's § 2255 motion, or whether, instead, it is the date on which the right is 'made retroactive.'"   *Id.* at 354-55 (alteration omitted).   The Court held that the text of § 2255(f)(3) "settles this dispute" because it "unequivocally identifies one, and only one, date from which the 1-year limitation period is measured:   'the date on which the right asserted was initially recognized by the Supreme Court.'"   *Id.* at 357.   Therefore, a § 2255 "applicant has one year from the date on which the right he asserts was initially recognized by this Court" to file a § 2255 motion.   *Id.*

Defendant's § 2255 motion seeks relief under *Johnson*, which was decided by the United States Supreme Court on June 26, 2015.   *See Johnson*, 135 S. Ct. 2551.   Therefore, Defendant had one year from that date, or until June 27, 2016, to file his § 2255 motion.[1]   Defendant's § 2255

---

[1] Because June 26, 2016 was a Sunday, a day on which the Clerk's Office was inaccessible, the one-year deadline was extended to Monday, June 27, 2016.   *See* Fed. R. Civ. P. 6(a)(3)(A) ("Unless the court orders otherwise, if the clerk's

motion is dated June 26, 2016—one day before the expiration of the one-year deadline. [CV Dcoc 1 at 7; CR Doc. 1 at 7] However, the motion was not received by the Court and filed on the docket until July 1, 2016—four days after the expiration of the one-year deadline. Thus, the timelines of Defendant's § 2255 motion depends on whether he may take advantage of the prison mailbox rule.

Pursuant to the prison mailbox rule, a prisoner's mailing "will be considered timely if given to prison officials for mailing prior to the filing deadline, regardless of when the court itself receives the documents." *Price v. Philpot*, 420 F.3d 1158, 1164 (10th Cir. 2005). "However, the inmate must attest that such a timely filing was made and has the burden of proof on this issue." *Id.* at 1165. An inmate may establish a timely filing under the prison mailbox rule in one of two ways:

> (1) alleging and proving that he or she made timely use of the prison's legal mail system if a satisfactory system is available, or (2) if a legal system is not available, then by timely use of the prison's regular mail system in combination with a notarized statement or a declaration under penalty of perjury of the date on which the documents were given to prison authorities and attesting that postage was prepaid.

*Id.* at 1166; *see also* 28 U.S.C. § 1746 (setting forth the requirements for unsworn declarations under penalty of perjury).

Defendant's § 2255 motion includes the following "Certificate of Service":

> I Julio Francia, on this day June 26, 2016, certify that I placed a § 2255 motion, in the mailing service of USP Lewisburg P.O. Box 1000 Lewisburg PA 17837,
>
> Sent to:

---

office is inaccessible . . . on the last day for filing under Rule 6(a)(1), then the time for filing is extended to the first accessible day that is not a Saturday, Sunday, or a legal holiday); *see also United States v. Hurst*, 322 F.3d 1256, 1261 (10th Cir. 2003) (holding that "calculation issues concerning AEDPA statutes of limitations should be resolved under the principles expressed in Rule 6(a)).

4

       Clerk of Court for the
       District of New Mexico—
       333 Lomas Blvd. Suite 270
       Albuquerque, N.M.
            87102
  Date: June 26, 2016.

[CV Doc. 1 at 7; CR Doc. 45 at 7] Defendant's § 2255 motion fails to mention the existence of a legal mail system and, therefore, cannot be considered timely filed under the first method for establishing compliance with the prison mailbox rule.  *See Price*, 420 F.3d at 1166 (holding that an allegation that a prisoner used "'the institutional mails' is insufficient to connote use of the 'legal mail system'").  Defendant's § 2255 motion also fails to satisfy the second method for establishing compliance with the prison mailbox rule, because the "Certificate of Service" was not signed under penalty of perjury, nor does it attest that first class postage was prepaid.  *See id.* at 1167 (holding that a prisoner's certificate of service was insufficient because "there is no 'under penalty of perjury' language as specifically required by 28 U.S.C. § 1746"); *United States v. Miles*, 343 F. App'x 392, 393 (10th Cir. 2009) (noting that "to be in compliance with § 1746, the inmate must 'subscribe' his information 'as true under penalty of perjury'" and emphasizing that declarations omitting the "penalty of perjury" language are insufficient) (unpublished); *Gaines v. U.S. Marshals Service*, 291 F. App'x 134, 136 (10th Cir. 2008) (holding that the pro se plaintiff's complaint was not timely filed under the prison mailbox rule because "he neglected to state that first class postage was prepaid, a requirement that our cases have rigidly enforced") (unpublished).  Therefore, the Court concludes that Defendant's § 2255 motion was filed on the date that it was received and docketed by the Court—July 1, 2016.  Because Defendant's § 2255 motion was filed after the expiration of the one-year statute of limitation in § 2255(f)(3), it is untimely.

    The Court recognizes that the one-year statute of limitation in § 2255(f)(3) is subject to

5

equitable tolling.  *See Holland v. Florida*, 560 U.S. 631, 634 (2010) (holding that "the timeliness provision in the federal habeas corpus statute is subject to equitable tolling").  However, "this equitable remedy is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).  In light of the foregoing, the Court will afford Defendant an opportunity to explain why his § 2255 motion should not be dismissed as untimely under § 2255(f)(3).  Failure to respond to this Order, or otherwise show cause, may result in the dismissal of Defendant's § 2255 motion without further notice.

**IT IS THEREFORE ORDERED** that, within **thirty (30)** days of the date of this Order, Defendant shall file a response showing cause, if any, why his § 2255 motion [CV Doc. 1; CR Doc. 45] should not be dismissed as untimely.

**IT IS SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE