IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                          Nos. CIV 16-0772 JB/GJF
                                                                    CR 12-3025 JB

JULIO FRANCIA,

    Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on the Defendant's Amended Motion To Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255, filed on December 1, 2016 (CIV Doc. 10; CR Doc. 53)("Amended Motion"). In his Amended Motion, Defendant Julio Francia contends that his conviction and sentence for carrying and possessing a firearm during, and in relation to and in furtherance of, a crime of violence in violation of 18 U.S.C. § 924(c) is invalid in light of the Supreme Court of the United States of America's holding in Johnson v. United States, 135 S. Ct. 2551 (2015). For the reasons explained below, the Court concludes that Francia plainly is not entitled to relief under Johnson v. United States and, therefore, dismisses his Amended Motion, denies a certificate of appealability, and enters judgment.

## FACTUAL BACKGROUND

On November 27, 2012, a two-count Indictment charged Francia with:

Count 1

    On or about October 17, 2012, in Bernalillo County, in the District of New Mexico, the defendant, JULIO FRANCIA, did unlawfully obstruct, delay and affect interstate commerce, as that term is defined in Title 18, United States Code, Section 1951, in that the defendant did unlawfully take and obtain U.S. currency from the presence of O.L., a person known to the Grand Jury, who was then employed by Subway, located at 8520 Montgomery Blvd. NE, Albuquerque, NM,

against O.L.'s will by means of actual and threatened force, violence, and fear of injury to the person of O.L., that is, the defendant threatened O.L., with a firearm.

In violation of 18 U.S.C. § 1951(a).

Count 2

On or about October 17, 2012, in Bernalillo County, in the District of New Mexico, the defendant, JULIO FRANCIA, knowingly used, carried and brandished a firearm during and in relation to, and possessed said firearm in furtherance of, a crime of violence for which the defendant may be prosecuted in a court of the United States:  to wit, interference with interstate commerce by robbery, as charged in Count 1 of this indictment.

In violation of 18 U.S.C. § 924(c).

Indictment, filed November 27, 2012 (CR Doc. 4).  On May 22, 2013, an Information charged Francia with four additional counts of interference with interstate commerce by robbery, in violation of 18 U.S.C. § 1951(a).  See Information, filed May 22, 2013 (CR Doc. 26).

Thereafter, Plaintiff United States of America and Francia entered into a plea agreement, in which Francia agreed to plead guilty to the Indictment's Counts 1 and 2, and the Information's Counts 1 through 4.  See Plea Agreement, filed May 22, 2013 (CR Doc. 29).  The United States and Francia agreed and stipulated, pursuant to rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, "that Defendant shall serve a sentence of incarceration which shall be within a range of fifteen (15) to twenty (20) years."  Plea Agreement at 5.  The Court accepted Francia's guilty plea and the Plea Agreement, and sentenced Francia to a total term of 210 months of imprisonment, as follows:

> 87 months is imposed as to Count 1 of the Indictment and each of Counts 1 through 3 of Information; said counts shall run concurrently.   87 months is imposed as to Count 4 of Information; 48 months of said term shall run concurrently and 39 months shall run consecutively.  7 years (84 months) is imposed as to Count 2 of Indictment; said term shall run consecutively.

Judgment at 3, filed November 25, 2013 (Doc. 43).  Additionally, the Court imposed 3 years of supervised release as to each count of the Indictment and Information, said terms to run

concurrently, for a total term of 3 years of supervised release. See Judgment at 4. The Court rendered judgment on Defendant's conviction and sentence on November 25, 2013. See Judgment at 1. Francia did not file a notice of appeal.

On July 1, 2016, the Court received and docketed a Motion To Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255, filed July 1, 2016 (CIV Doc. 1; CR Doc. 45)("Motion"), which challenged the validity of Francia's § 924(c) conviction and sentence pursuant to United States v. Johnson. The Court appointed counsel to represent Francia, in accordance with the Administrative Order In the Matter of: Representation in Johnson v. U.S., 576 U.S. __, 135 S. Ct. 2551 (2015) Cases, 16-MC-00004-19 (D.N.M. March 25, 2016)(Doc. 19). See CJA Appointment of Attorney, filed August 18, 2016 (CIV Doc. 4; CR Doc. 47).

On September 26, 2016, Honorable Gregory J. Fouratt, United States Magistrate Judge, ordered Francia to show cause why the Court should not dismiss his § 2255 Motion as untimely, because the Court received and docketed it more than one year after the issuance of the United States v. Johnson decision and the "Certificate of Service" failed to comply with the prison mailbox rule. See Order to Show Cause, filed September 26, 2016 (CIV Doc. 5; CR. Doc. 48); 28 U.S.C. § 2255(f)(3) (imposing a one-year limitation period on the filing of a § 2255 Motion, which begins to run on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"). In response, Francia submitted an Amended Certificate of Service, in which he attested, under penalty of perjury, that his § 2255 motion was given to prison authorities before the expiration of the one-year deadline, on June 26, 2016, first-class postage prepaid. See Defendant Julio Francia's Response to Order to Show Cause, filed October 26, 2016 (CIV Doc. 7-1; CR Doc. 50-1)("Response"). Magistrate Judge Fouratt

concluded that Francia's Amended Certificate of Service complied with the prison mailbox rule and, therefore, that Defendant's § 2255 Motion was timely filed on June 26, 2016.  See Order Quashing Order to Show Cause and Requiring Defendant to Cure Deficiency, filed October 31, 2016 (CIV Doc. 8; CR Doc. 51)("Quash Order").  Magistrate Judge Fouratt further concluded, however, that Francia's § 2255 Motion did not comply with the procedural requirements of rule 2(b) of the Rules Governing Section 2255 Proceedings For the United States District Courts, because Francia did not sign the Motion under penalty of perjury.  See Quash Order at 1-4 (CIV Doc. 8; CR Doc. 51).  Magistrate Judge Fouratt ordered Francia to file an amended § 2255 motion that complies with the procedural requirements of rule 2(b) of the Rules Governing Section 2255 Proceedings For the United States District Courts. See Quash Order at 4.  On December 1, 2016, Francia filed the present § 2255 Amended Motion, which is identical to Francia's original § 2255 Motion, but is sworn under penalty of perjury as rule 2(b) requires.  See Amended Motion at 1-6.

## ANALYSIS

### I. UNITED STATES V. JOHNSON IS INAPPLICABLE TO THE RESIDUAL CLAUSE DEFINITION OF A "CRIME OF VIOLENCE" IN § 924(C)(3)(B).

In United States v. Johnson, the Supreme Court considered whether the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924 ("ACCA"), violates the Due Process Clause of the Constitution of the United States of America.  United States v. Johnson, 135 S. Ct. at 2557.  In general, the maximum term of imprisonment for a defendant convicted of being a felon in possession of a firearm is ten years.  See 18 U.S.C. § 924(a)(2).  "But if the violator has three or more earlier convictions for a 'serious drug offense' or a 'violent felony,' the Armed Career Criminal Act increases his prison term to a minimum of 15 years and a maximum of life."  United States v. Johnson, 135 S. Ct. at 2555 (quoting 18 U.S.C. § 924(e)(1)).  The ACCA defines a "violent felony" as:

>any crime punishable by imprisonment for a term exceeding one year . . . that --
>
>>(i) has an element the use, attempted use, or threatened use of physical force against the person of another, or
>>
>>(ii) is burglary, arson, or extortion, involves use of explosives, or <u>otherwise involves conduct that presents a serious potential risk of physical injury to another</u>;

§ 924(e)(2)(B) (emphasis added). The Court held that § 924(e)(2)(B)(ii)'s residual clause, which is the emphasized portion excerpted above, "denies fair notice to defendants and invites arbitrary enforcement by judges." <u>United States v. Johnson</u>, 135 S. Ct. at 2557. Therefore, "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." <u>United States v. Johnson</u>, 135 S. Ct. at 2563. The Court clarified that its "decision does not call into question application of the Act to the four enumerated offenses [burglary, arson, extortion, or the use of explosives], or the remainder of the Act's definition of a violent felony." <u>United States v. Johnson</u>, 135 S. Ct. at 2563.

In <u>United States v. Madrid</u>, 805 F.3d 1204, 1210 (10th Cir. 2015), the United States Court of Appeals for the Tenth Circuit held that the Supreme Court's decision in <u>Johnson</u> was applicable to the residual clause definition of a "crime of violence" in the "career offender" provision of the United States Sentencing Guidelines, § 4B1.1. U.S.S.G. § 4B1.2(a)(2) (defining a "crime of violence," in relevant part, as a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another."). The Tenth Circuit stated that "[t]he concerns about judicial inconsistency that motivated the Court in <u>Johnson</u>, lead us to conclude that the residual clause of the Guidelines is also unconstitutionally vague. If one iteration of the clause is unconstitutionally vague, so too is the other." <u>United States v. Madrid</u>, 805 F.3d at 1210.[1]

---

[1] The Tenth Circuit has not yet determined whether <u>United States v. Johnson</u> applies retroactively on collateral review to the residual clause definition of a "crime of violence" in the U.S.S.G. That question currently is pending before the United States Supreme Court in <u>Beckles</u>

In the present case, Francia's sentence was not enhanced under the ACCA or under the U.S.S.G.'s career-offender provision. Francia was convicted, however, of a violation of § 924(c) and the Court recognizes that the residual clause definition of a "crime of violence" in § 924(c)(3)(B) is similar to the residual clause definition of a "violent felony" in the ACCA. Compare 18 U.S.C. § 924(c)(3)(B) (defining a "crime of violence," in relevant part, as a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense"), with 18 U.S.C. § 924(e)(2)(B) (defining a "violent felony," in relevant part, as "conduct that presents a serious potential risk of physical injury to another"). Neither the Supreme Court nor the Tenth Circuit have addressed the issue whether the holding in United States v. Johnson is applicable to § 924(c)(3)(B)'s residual clause's definition of a "crime of violence." The Court has, however, held, in United States v. Matthew Clayton Lloyd, No. CIV 16-0513 JB/WPL, Memorandum Opinion and Order at 8 (D.N.M. August 31, 2016)(Browning, J.)("United States v. Matthew Clayton Lloyd"), that "Johnson's reasoning should not extend to § 924(c)(3)(B)'s residual clause" for the following reasons:

> First, § 924(c)(3)(B)'s statutory language more narrowly defines "crime of violence" based on physical force rather than on physical injury. While the ACCA residual clause requires conduct "that presents a serious potential risk of physical injury to another," § 924(c)(3) requires the risk "that physical force against the person or property of another may be used in the course of committing the offense. 18 U.S.C. § 924(c)(3)(B) (emphasis added). By requiring that the risk of physical force arise "in the course of" committing the offense, § 924(c)(3)(B)'s language mandates that the person who may potentially use physical force be the charged offender. See United States v. Taylor, 814 F.3d at 376-77.
>
> Moreover, § 924(c)(3)(B), unlike § 924(e)(2)(B), requires that the felony be one which "by its nature" involves the risk that the offender will use physical force. In Johnson, the Supreme Court was concerned with the wide judicial latitude that the ACCA's residual clause language permitted, which did not limit a court's inquiry to the crime's elements. See 135 S. Ct. at 2557. Section 924(c)(3)(B), by

---

v. United States, No. 15-854.

contrast, does not allow a court to consider risk-related conduct beyond the elements of the predicate crime. The phrase "by its nature" restrains the court's analysis to the risk of force in the offense itself. United States v. Amos, 501 F.3d 524, 527 (6th Cir. 2007). See United States v. Stout, 706 F.3d 704, 706 (6th Cir. 2013); United States v. Serafin, 562 F.3d 1105, 1109, 1114 (10th Cir. 2009); Leocal v. Ashcroft, 543 U.S. 1, 10 (2004) (construing 18 U.S.C. § 16(b)).

Second, the Johnson Court was concerned that the ACCA's enumerated crimes, when paired with the residual clause, cause confusion and vagueness in the residual clause's application. See 135 S. Ct. at 2561. The lower courts have noted no similar concerns with § 924(c)(3)(B). The ACCA links the residual clause by the word "otherwise" to the four enumerated crimes. See Johnson, 135 S. Ct. at 2558. The Supreme Court explained in Johnson that, by using the word "otherwise," "the residual clause forces courts to interpret 'serious potential risk' in light of the four enumerated crimes -- burglary, arson, extortion, and crimes involving the use of explosives." 135 S. Ct. at 2558. Gauging the level of risk required was difficult because the four listed crimes "are 'far from clear in respect to the degree of risk each poses.'" 135 S. Ct. at 2558 (quoting Begay v. United States, 553 U.S. 137, 143, (2008)). Unlike the ACCA, § 924(c)(3)(B) does not link its "substantial risk" standard "to a confusing list of examples." Johnson, 135 S. Ct. at 2561.

The Johnson Court addressed the fact that the ACCA residual clause requires the application of a categorical approach to analysis of the predicate crime. See Johnson, 135 S. Ct. at 2557-58. The Supreme Court refrained from invalidating the categorical analysis. See 135 S. Ct. at 2561-62. Instead, the Supreme Court stated that the ordinary case analysis and the level-of-risk requirement "conspire[d] to make [the statute] unconstitutionally vague," and determined that the concern with the ACCA residual clause was that it combined an overbroad version of the categorical approach with other vague elements. 135 S. Ct. at 2557. Statutes like § 924(c)(3)(B)'s residual clause do not raise the same analytical concerns when combined with the categorical approach. See 135 S. Ct. at 2561.

Third, the Supreme Court reached its void-for-vagueness conclusion only after deciding a number of cases calling for the clause's interpretation. See, e.g., James v. United States, 550 U.S. 192 (2007); Begay v. United States, 553 U.S. 137 (2008); Chambers v. United States, 555 U.S. 122 (2009); Sykes v. United States, 564 U.S. 1 (2011). In Johnson, the Supreme Court recognized its "repeated attempts and repeated failures to craft a principled and objective standard out of the residual clause." 135 S. Ct. at 2558. In the nine years preceding Johnson, the Supreme Court applied four different analyses to the residual clause. See 135 S. Ct. at 2558-59. These inconsistent decisions led to "pervasive disagreement about the nature of the inquiry one is supposed to conduct and the kinds of factors one is supposed to consider." 135 S. Ct. at 2560. By contract, the Supreme Court has not been called on multiple occasions to articulate a standard applicable to the 924(c)(3)(B) analysis.

United States v. Matthew Clayton Lloyd at 8.  The Court adopts the foregoing analysis and concludes that United States v. Johnson is inapplicable to the residual clause definition of a "crime of violence" in § 924(c)(3)(B).  Alternatively, even if United States v. Johnson extends to § 924(c)(3)(B), the Court nonetheless concludes, for the reasons explained below, that Francia plainly is not entitled to relief, because interference with commerce by threats or violence in violation of 18 U.S.C. § 1951(a) (hereinafter referred to as "Hobbs Act robbery") does not fall within the residual clause's purview, because it "has an element the use, attempted use, or threatened use of physical force against the person or property of another," § 924(c)(3)(a).

## II.    HOBBS ACT ROBBERY IS A "CRIME OF VIOLENCE" UNDER THE "FORCE CLAUSE" OF § 924(C).

Title 18 of the United States Code, § 924(c) provides for "an enhanced punishment" of "imprisonment of not less than 5 years" for "any person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm."  18 U.S.C. § 924(c)(1)(A)(i).  The statute further provides for an enhanced punishment of "a term of imprisonment of not less than 7 years," "if the firearm is brandished" during the commission of the crime.  18 U.S.C. § 924(c)(1)(A)(ii).  Congress defines a "crime of violence" is defined as a felony" that:

> (A)   has an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B)   that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

§ 924(c)(3).  To determine whether a predicate crime constitutes a "crime of violence" under § 924(c), the Court must "employ a 'categorical approach.'"  United States v. Serafin, 562 F.3d 1105, 1107 (10th Cir. 2009).  Under the categorical approach, courts must look "only to the fact

of conviction and the statutory definition of the prior offense, and do not generally consider the particular facts disclosed by the record of conviction. That is, [courts] consider whether the elements of the offense are of the type that justify its inclusion . . . [as a crime of violence], without inquiring into the specific conduct of this particular offender." United States v. Serafin, 562 F.3d at 1107-08.

In the present case, the predicate crime for Francia's § 924(c) conviction was Hobbs Act robbery in violation of 18 U.S.C. § 1951(a). See Indictment at 1-2. Section 1951(a) provides:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 1951(a). The term "robbery" is defined as:

> the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

18 U.S.C. § 1951(b)(1) (emphasis added).

Hobbs Act robbery, by its plain terms, "has an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(a). Indeed, the Court of Appeals' "unbroken consensus" is that Hobbs Act robbery "is a crime of violence under § 924(c)(3)'s" force clause, and, therefore, a valid predicate for a § 924(c) conviction. United States v. Anglin, 846 F.3d 954, 965 (7th Cir. 2017). See United States v. Buck, 847 F.3d 267 (5th Cir. 2017)(holding that "[it] was not error -- plain or otherwise -- for the district court to classify a Hobbs Act robbery as a crime of violence" under the force clause of § 924(c)(3)(a)); United States v. Moreno, 2016 WL 6648670, at *2 (10th Cir. 2016)(holding that

- 9 -

the definition of robbery in § 1951(b)(1), "which requires use of actual or threatened force or violence -- parallel the requirements for a 'crime of violence' under § 924(c)(3)(A)" and, therefore, Hobbs Act robbery "qualifies as a 'crime of violence' under § 924(c)(3)(A) regardless of any potential vagueness in § 924(c)(3)(B)"); United States v. Hill, 832 F.3d 135, 144 (2d Cir. 2016)(holding that "Hobbs Act robbery 'has an element the use, attempted use, or threatened use of physical force against the person or property of another'" under § 924(c)(3)(A)); In re Fleur, 824 F.3d 1337, 1340 (11th Cir. 2016)(holding that Hobbs Act robbery "clearly qualifies as a 'crime of violence' under the use-of-force clause in § 924(c)(3)(A)"); United States v. Howard, 650 F. App'x 466, 468 (9th Cir. 2016)(holding that Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A)'s force clause).   Accordingly, Francia is not entitled to relief on his United States v. Johnson claim, and the Court will dismiss his Amended Motion with prejudice.

**III.    THE COURT WILL DENY A CERTIFICATE OF APPEALABILITY.**

For the reasons explained above, the Court determines, under rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, that Francia has not made a substantial showing that he has been denied a constitutional right as 28 U.S.C. § 2253(c)(2) requires.   The Court will therefore deny a certificate of appealability.

**IT IS ORDERED** that: (i) the Defendant's Amended Motion To Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255, filed on December 1, 2016 (CIV Doc. 10; CR Doc. 53), is dismissed with prejudice; (ii) a certificate of appealability is denied; and (iii) Final Judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

- 10 -

*Counsel*:

Theresa M. Duncan
Albuquerque, New Mexico

    *Attorney for the Defendant/Petitioner Julio Francia*

Damon P. Martinez
    United States Attorney
Jon K. Stanford
    Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

    *Attorneys for the Plaintiff/Respondent United States*